931-15

In The Texas
Court Of Criminal Appeals

ORIGINAL

Petition
For Discretionary Review

Kevin Johnson,

Petitioner,

~ vs -

State Of Texas,

Respondent

FILED IN
COURT OF CRIMINAL APPEALS

OCT 02 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 30 2015

Abel Acosta, Clerk

Out Of The
Court Of Appeals
Fourteenth District
Houston, Texas

Kevin Johnson
By: Pro se
TDCJ-ID # 1966976
John M. Wynne Unit
810 FM 2821
Huntsville, Texas
77349

## Counsel For Defense

Angela L. Cameron
Assistant Public Defender
Harris County, Texas
TBN 00788672
1201 Franklin, 13th. Flr.
Houston, Texas 77002


## Counsel For State

Abbie Miles
S.B.No. 24072240
Assistant District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002


## Fourteenth Court Of Appeals Panel

Martha Hill Jamison
_____ McCally
_____ Busby

# Table Of Contents

## Case Law

Gilmore v. Taylor, 508 U.S. 333 (1993)                              2, 3

Martinez v. State, 268 S.W.3d 806 (Tex. Crim. App. 2005)           3

Miller v. State, 36 S.W.3d 503 (Tex. Crim. App. 2001)             1, 2

Zavala v. State, 401 S.W.3d 171 (Tex. App. – Houston,
[14th. Dist.] 2011, pet. ref'd.)

                                                                   2

## United States Constitution

Sixth Amendment                                                    9

Fourteenth Amendment                                               9

## Texas Penal Code

Article    12.42 (b)                                               1

Article    29.03                                                   1

Article    30.02                                                   1

## Texas Rules Of Evidence

Rule   802                                                         3

Rule   803                                                    2, 3, 8

## Texas Rule Of Appellate Procedure

Rule 66.3

## Statement Of The Case

Petitioner was charged with Burglary of a Habitation, Tex. P.C. § 30.02 Second Degree Felony, and was enhanced by a single paragraph, Tex. P.C § 12.42(b), First Degree Felony, alleging Petitioner to have been previously convicted of Aggravated Robbery, Tex. P.C. § 29.03, First Degree Felony, (C.R. at 13). Petitioner entered a plea of not guilty in the primary offense, and true to the enhancement paragraph, (C.R. at 159; R.R. III at 14, 132). A jury of Petitioner's peers found him guilty, the trial court found the enhancement 'true', thereafter, Petitioner was sentenced to forty (40) years confinement in TDCJ, (C.R. at 159; R.R. III at 129, 168). A written notice of Appeal was timely filed, (C.R. at 162-164). The Fourteenth Court of Appeals affirmed the judgment and sentence of the trial court on the 30th, day of June, 2015.

## Reason For Review

In accordance with Rule 66.3(b), TRAP, Petitioner contends the Fourteenth Court Of Appeals, Houston, Texas has decided an important question of State Law that has not been, but should be, settled by the Court Of Criminal Appeals.

In furtherance, the Court must keep in mind, the Court of Appeals has misconstrued the relevant facts of the case on this subject matter, therefore, the Appeals Court memorandum and opinion is in conflict with these relevant facts, as such, had such influence which resulted in a conflict that denied the relief Petitioner sought thereon.

## Issues For Review

The State, after disclosure to the defense that the victim (Damita Wyatte) had received a call from her 'Home Security Company', (ADT) that a Motion Detector within her residence had been activated by movement after the alarm system had been activated after the break in at 10:00 a.m. on the morning of the 30th day of May, 2013.[1] Thereafter, Ms. Wyatt immediately notified Asst. District Attorney, Ms. Stabe, which Ms. Wyatt's in her presence sense impression or excited utterance, expressed that someone was breaking out of the house instead of breaking in should have been allowed in by Hearsay Rule 803 (a) or (b), thereby, the Court Of Appeals has made their opinion where they have mis construed relevant facts of the case pertaining to the above mentioned subject matter, thereby, have decided an important question of State Law that has not been, but should be, settled by this Court.

The State filed a Motion in Limine on the day the trial commenced, (02/24/13) (States Motion #9) to create a barrier to keep the defense from poffering more information from Ms. Wyatt on this subject matter to expand the record supporting the defenses theory that there was someone in Ms. Wyatt's residence prior to petitioner's arrival on the scene of a bbrglary in progress, thus, he was not the Black Male who wrang Ms. Wyatt's doorbell, thereafter breaking out Ms. Wyatt's bedroom window and entering her residence.

## Argument and Authorities

The United States Constitution ensures that criminal defendant's will have "a meaningfull opportunity to present a 'complete defense'." Miller v. State, 36

S.W.3d 503, 506 (Tex. Crim. App. 2001)(quoting Gilmore v. Taylor, 508 U.S. 333, 334 (1993)); Zavala v. State, 401 S.W.3d 171, 180 (Tex. App. - Houston [14th Dist.] 2011, pet. ref'd.). A defendant's has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule. Miller, 36 S.W.3d at 507. A defendant has the right to present a vigorous defense, and the jury should be allowed to hear all admissible evidence offered by the defense that bears on "any defensive theory". Id. at 508, (emphasis mine).

Petitioner asserts the State deprived the defense of mitigating evidence that is relevant to the determination of whether the victim's statement about the alarm company that provides Home Security for her residence calling her, and her statement, whether made in the present sense impression or excited utterance, that someone was breaking out of her residence instead of breaking in when Ms. Stabe withheld the notes, reports, ect. from the conversation she had with Ms. Wyatt on the evening, (after 7:00 p.m.) 05/30/13 pertaining to Ms. Wyatt's Home Security Company notifying her that a Motion Detector was activated within her residence, (R.R. 11 at 14/24-25 and 116/1-8). Nor was the offense report offered to the defense made by the responding H.P.D. or H.C.S.O. who was dispatched to Ms. Wyatt's residence after being notified by Ms. Wyatt that her residence was being violated for the second time on the evening, (on/or about 7:00 p.m.) of 05/30/13, (R.R. 111 at 9/9). Note: the only spectator in the Courtroom on 02/25/13 who would have personal knowledge ef such personal information would have been Ms. Wyatt's mother.

The State is the one who initiated the issues on

the subject matter discussed above, (R.R. II at 14-15 and R.R. III at 9-11).

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence "to prove the truth of the matter asserted." Tex. R. Evid. 801(d). Hearsay is not admissible except as provided by statute, the Rules of Evidence, or by other rules prescribed pursuant to statutory authority. Tex. R. Evid. 802; see Taylor v. State, 268 S.W. 3d 571, 578 (Tex. Crim. App. 2008). Once the opponent of hearsay evidence makes to proper objection, it becomes the burden of the proponent of the evidence to establish that an exception applies that would make the evidence admissible in spite of its hearsay character. See Taylor, 268 S.W. 3d at 578-79; see also Martinez v. State, 178 S.W. 3d 806, 815 ( Tex. Crim. App. 2005)("If the testimony fit some exception or exemption to the hearsay rule . . . the proponent of the evidence . . . had the burden of demonstrating the applicability of that exemption or exception."). An exception to the hearsay rule applies to "present sense impression," or "excited utterance," which are "statements describing or explaining an event or condition or related to a startling event or condition made while under stress or excitement immediately after the declarant perceived it." Tex. R. Evid. 803 (1) (a) &(b). The State claimed and the Court of Appeals agreed the defense did not invoke any applicable hearsay exception at trial. That by failing to do so, the defense did not meet its burden to establish the admissibility of the alarm company representative's statement.

First, at all three (3) hearings on this subject matter, the issue that was discussed was whether the Court would allow the defense to poffer such information from the

victim, the issue of whether such poffered information was hearsay had not even materialized far enough at any of these proceedings, therefore, there seems to been no reason at these proceedings to iprovoke any applicable hearsay exception. (R.R. II at 14-15; R.R. III at 9-11 and 114-116).

The master bedroom window that was the primary entry point of the intruder at 10:00 a.m. on the 05/30/13 was boarned up after the breakin as well as the sliding glass door, glass panel. A third window was broken out, indicating the initial intruder, Black male with the back pack and stocking cap on his head, who initially rang the door bell, (R.R. III at 10 and 20), was still present in the house from 10:00 a.m. till 7:00 p.m., also while Ms. Wyatt's mother was at the residence at 3:45 p.m., see Prosecutor's File, (hereafter P.F.) P.F. at 109, who left the house between 3:45 p.m. and 7:00 p.m., leaving more towards the later time. Furthermore, the perpetrator knew Ms. Wyatt's mother had set the alarm, thereby, knew better than to exit through a door or unlatched window, so the only alternative the perpetrator had was to break a window "out" and exit in this manner. By doing so, the perpetrator did not break the contacts on the window frame or the window casing, thus, keeping from setting of the alarm.

The question which arises here is this, did the responding H.P.D. Officer note the glass on the outside of the window? And did Jose Gaona, the contractor who boarded up the previous two broken windows notice the glass outside the window while boarding this window up? If these theoretical issues of relevance would have been available prior to trial, then Ms. Wyatt's present sense impression or excited utterance would have been more than hearsay, but based on factual material evidence. Since the State intentionally, knowingly withheld this subject matter pertaining to the phone call

or the offense report until the begining of the trial, thereby, prejudicing Petitioner's defense where it deprived the defense of the opportunity to make a full investigation these material theoretical issues of relevance plead above and below herein. Undoubtly, the intruder had no ideal his movement had been detected after coming out of the atic crawlspace through the atics retractable staircase in the Hallway at the master bedroom, R.R. 4 at exhibit 17-18, or that law enforcement had been notified. R.R. 11 at 15/3 and R.R. 4 at exhibits 17-19 and 30-32. Note: the shoe impression on the furnace housing shows the perpetrator going back towards the garage within this crawlspace. The livingroom has a cathedral ceiling, therefore, it has pony walls to extend the standard 8' walls and strongbacks to support the rafters, R.R. 4 at 19, which makes a tunel like alleyway or crawlspace at the front and back of the house, which travels from the furnace to the garage. This crawl space is in/or around 30' long, thus, a person can get back down the crawlspace to go undetected. R.R. 11 at 10, and a K-9 unit would not detect the presence of the perpetrator within the house. This had to be where the perpetrator went after H.P.D. Officer Patrick Flores confronted the perpetrator at the sliding glass door, and establishs why the back pack or skull cap was never recovered. R.R. III at 54.

<u>Conclusion</u>

Ms. Wyatt's statement to Ms. Stabe after being notified of the Motion Detectors within her residence having been activated, set off events or conditions within Ms. Wyatt's subconscious, enhaced by the stress and trauma she had suffered through the experiance

6 of 9

of her home being invaded while at home, that the back pack and scull cap not being recovered on Petitioner after his arrest or within her residence, thereby, registering the possibility that this individual was in her house the entire time the officers searched the residence and while her mother was at her residence, was hidden well enough to escape detection, and was only able to escape after her mother left a short time before 7:00 p.m., and only after setting the alarm system. Note: on first impression, a lay person viewing, R.R. 4 at exhibits 6-7, such person would be influenced to believe the phone line had been cut as the D.A's office has continued to suggest and as the H.C.S.O. crime scene photographer intended. This is suggestive photography, which influences the individual viewing the photograph to believe what they are viewing, when a person, such as Ms. Stabe suggested numerous times, even though Ms. Stabe knew this was not true, the phone line being cut. What the Court is viewing, as the jury did, is a T.V. Cable that has been cut with the end frailed. Someone has taken the other half of this cable and stuffed it behind the junction box for the phone lines, thereby, leaving the cut, frailed end of the cable in a position to give the illusion its the phone line and its been cut. When viewing the other end of the cable, you can see the male end is still screwed into the femal receptacle of the spliter, which allows other cable to branch to other areas of the house where cable service is requested. Other than this deceit by the H.C.S.O., the phone lines are attached, thereby, secured to their prospective terminals within the phone company's junction box. The land line service was never disrupted from her Home Security Company and this is why they picked up movement from Wyatts Motion Detectors.
Ms. Wyatts present sense impression or excited utter-

rance that someone was breaking out, was well founded because Ms. Wyatt's clear, concise personal knowledge of where the Motion Detectors are located with in her residence, she could visualize the areas and the movement of the perpetrator would have had to make to activate the Motion Detector(s), therefore, Ms. Wyatt's present sense impression or excited utterance that someone was breaking out was not to be poffered to establish the truth of this subject matter asserted, but to provide 'back ground' information/evidence to explain how and why someone would be present in her house at that given time of night, as the defense has contended prior to, and since being notified of such verbal mitigating evidence/information, and as such, the defense was able to structure the theoretical issues of relevance from the trial court transcripts/records. This 'back-ground' evidence/information should have been admissible, not only because it has particular compelling probative value with respect to the elements of the charge, but also simply because it would have provided the jury with perspective, so that they were equipped to evaluate, in proper context from this evidence/information which more directly relates to elemental facts of the crime charged. Thereby, this 'back-door' present sense impression or ~~uttered~~ excited utterance by Ms. Wyatt as alleged to Ms. Stabe consist of out of court statement ~~is is~~ which is documented within the D.A's. Office and Ms. Wyatt's Home Security Company that there is a secondary perpetrator is more probable than not when viewed from the theoretical issues of relevance structured herein, supported by trial court transcripts/records, thereby supporting Ms. Wyatt's present sense impression or excited utterance by the preponderance of the evidence, information which would both be admissible under the <u>Hearsay Rule of</u> 803 (a) and (b),

specifically, "someone was breaking out," if the D.A's. office would not have withheld vital, critical evidence / information, thus, depriving Petitioner of a fundamental right to present a defense, thereby, disallowing Petitioner from presenting this defensive theory. This demonstrates the DA's. office willingness to allow the true perpetrator to escape undetected when they had a escape goat. Petitioner was entitled to a lesser included offense, if the perpetrator would not have been allowed to escape.

As the Court can see, an important question of Law has developed herein, which has not been, but should be, settled by the Court Of Criminal Appeals, this is, how narrow should the present sense impression or excited utterance be restricted when a court is faced with evidence/information as presented herein?

## Prayer

Wherefore Premises, Considered, Petitioner prays the Court Reverses and Remands this Court back to the trial court for an evidentiary hearing to have the controverted issues with merit resolved before a determination of whether Petitioner's Right to Due Process; Effective Assistance of Counsel and a fair trial as such rights are guaranteed by the 6th. and 14th. Amendment's to the Constitution Of The United States, to whether Petitioner is also entitled to an lesser included offense and / or a new trial thereafter.

Respectfully submitted,

Kevin J. Johnson 1966876

<u>Certificate Of Service</u>

I, Kevin Johnso, TDCJ # <u>1966976</u> certify that on this 26th day of September, 2015 I placed into the Wynne Unit Inmate Mailbox system the original PDR with First Class Postage to the Clerk of the Texas Court of Criminal Appeals at P.O. Box _____, Capital Station, Austin, Texas; and a copy of said PDR with First Class Postage to the Harris County District Attorney's Office at _____ _____ Houston, Texas, _____. Note: Johnson does not have access to a copier, and due to his indigency he is unable to send documents out to have copies made, and as such, Johnson was unable to attach a copy of the Fourteenth Court Of Appeals memorandum and opinion to the State's PDR.

<u>Kevin J. Johnson</u>
Kevin Johnson
By: pro se
TDCJ-ID # <u>1966976</u>
John M. Wynne Unit
810 FM 2821
Huntsville, Texas 77349

Affirmed and Memorandum Opinion filed June 30, 2015.



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00261-CR

---

## KEVIN JOSEPH JOHNSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1389701**

---

## MEMORANDUM OPINION

In one issue, appellant Kevin Joseph Johnson challenges his burglary conviction on the basis that the trial court's exclusion of testimony prevented him from presenting his defense that he did not break into the subject property with the intent to commit theft. The jury found appellant guilty of burglary of a habitation with intent to commit theft, and the trial court sentenced him to 40 years' confinement after enhancing his sentence due to a previous conviction for

aggravated robbery. We affirm.

## *Background*

Complainant was at home one morning preparing her lunch to take to work when she heard a knock on the door. She looked out and saw appellant, who was wearing shorts, a stocking cap, and a backpack. She decided not to answer the door, as she was running late. Appellant began talking on his cell phone and walked across the lawn toward the side of the house.[1] Shortly thereafter, complainant was in the bathroom and heard a "loud bang" and then a "crash" coming from her bedroom. She grabbed her purse, ran out, got into her truck, quickly backed out of her driveway, pulled in front of her neighbor's house, and called 911.

An acquaintance who was working down the street observed complainant quickly backing out of her driveway in an unusual manner. He thought she was going to hit his truck and approached her to find out what had happened. She informed him that "somebody [was] in her house." They then both observed someone peeking out of the blinds in her son's room.

The first officer arrived within minutes. He went to the backyard, saw a broken window, and could hear someone moving around inside the house. He radioed for assistance and then heard a loud crash, apparently the sound of someone breaking the sliding glass patio door at the back of the house. Someone stuck a foot out of the door and peeked out. At trial, the officer identified the person as appellant. The officer ordered appellant to get on the ground, but he retreated back into the house.

Other officers and eventually a canine unit arrived. They recovered a

---

[1] Although complainant thought it was unusual that appellant walked across her lawn, her house is on a corner lot, and appellant was walking toward the street.

crowbar outside the house, entered the house, found a pillow case filled with prescription medication belonging to complainant and her son on the living room floor, and saw that certain rooms had been ransacked. Officers eventually found appellant in the garage, hiding under a blanket and "debris."[2] Appellant had two-dollar bills, complainant's checkbook, and other personal items belonging to complainant on him.[3] He was wearing gloves. A loaded black pistol was located near where he was found. Appellant's backpack was never recovered.

At trial, appellant's attorney attempted to elicit testimony from complainant regarding her telephone conversation with an alarm company representative in which she was informed that her motion detector had been activated the evening of the break-in when she was not home and regarding her opinion that someone was breaking out of—rather than into—her house. The State objected to this testimony on the basis of hearsay and speculation. The trial court sustained the State's objections.

### Discussion

Appellant contends that the trial court abused its discretion and prevented him from presenting a defensive theory of the case by excluding the proffered testimony. Appellant asserts the excluded testimony was essential to his defense that he did not intend to commit theft until after he entered complainant's home.[4] *See Gear v. State,* 340 S.W.3d 743, 752 (Tex. Crim. App. 2011) (acknowledging

---

[2] Appellant apparently had gotten into the garage through an entry point in the attic.

[3] Complainant had received 25 two-dollar bills for her birthday that she had left on her bedroom dresser.

[4] Appellant's defense, although not articulated clearly, is apparently that someone else broke into the house around the time appellant went into the garage seeking shelter or for some other purpose and appellant did not decide to commit theft until he realized that someone else already had broken into the house. We note that one of the officers identified appellant as the person who stuck a foot out and peeked out of the back patio door of the house.

that, to prove burglary, the State was required to establish beyond a reasonable doubt that the defendant acted with the intent to commit theft or an assault at the time he broke into the property).

The United States Constitution ensures that criminal defendants will have "a meaningful opportunity to present a complete defense." *Miller v. State*, 36 S.W.3d 503, 506 (Tex. Crim. App. 2001) (quoting *Gilmore v. Taylor*, 508 U.S. 333, 343 (1993)); *Zavala v. State*, 401 S.W.3d 171, 180 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). A defendant has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule. *Miller*, 36 S.W.3d at 507. A defendant has the right to present a vigorous defense, and the jury should be allowed to hear all admissible evidence offered by the defendant that bears on any defensive theories. *Id.* at 508. We review the trial court's decision to bar the admission of the proffered evidence for abuse of discretion. *See id.* at 507. An abuse of discretion only occurs when a decision "lies outside the zone of reasonable disagreement." *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

**Statement from Alarm Company Representative Made to Complainant.** The trial court sustained the State's hearsay objection to complainant's testimony pertaining to what the alarm company representative said. Appellant asserts the trial court erred in doing so because the statement was a present sense impression.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence "to prove the truth of the matter asserted." Tex. R. Evid. 801(d). Hearsay is not admissible except as provided by statute, the Rules of Evidence, or by other rules prescribed pursuant to statutory authority. Tex. R. Evid. 802; *see Taylor v. State*, 268 S.W.3d 571, 578 (Tex. Crim. App. 2008). Once the opponent of hearsay evidence makes the proper objection, it

4

becomes the burden of the proponent of the evidence to establish that an exception applies that would make the evidence admissible in spite of its hearsay character. *See Taylor*, 268 S.W.3d at 578-79; *see also Martinez v. State*, 178 S.W.3d 806, 815 (Tex. Crim. App. 2005) ("If the testimony fit some exception or exemption to the hearsay rule . . . the proponent of the evidence . . . had the burden of demonstrating the applicability of that exemption or exception.").

An exception to the hearsay rule applies to "present sense impressions," which are "statement[s] describing or explaining an event or condition, made while or immediately after the declarant perceived it." Tex. R. Evid. 803(1). Appellant did not invoke any applicable hearsay exception at trial.[5] By failing to do so, appellant did not meet his burden to establish the admissibility of the alarm company representative's statement. Accordingly, the trial court did not abuse its discretion in excluding the testimony as hearsay.

---

[5] The following colloquy transpired at trial:

> THE COURT: . . . You're telling me that you wish to go into the alarm going off. Am I under the wrong impression? [Did complainant] make it home that evening?
>
> [Defense counsel:] She did not. She was contacted by the alarm company.
>
> THE COURT: On the cell phone by the alarm company saying the alarm has gone off . . . . She didn't even know if that was at the same time that was going on or not. So, you want to elicit testimony that she received a phone call [and] somebody told her the motion detectors had gone off?
>
> [Defense counsel:] Right, she got a call from her alarm company, telling her that the motion detectors went off . . . and . . . she told the State that she believed it was more of a breakout than a break-in. . . .
>
> [State's counsel:] I think it's hearsay and speculation at best. . . . She's not there. She didn't see anything and someone else is telling her. . . .
>
> [Defense counsel:] No, I don't think it's any different than dispatch calling the police and saying, hey, there's a burglary in progress. . . .
>
> THE COURT: Actually I don't even know if I'd let you testify as to what they were told on dispatch. . . . [I]t's not coming in unless there's something else.
>
> [Defense counsel:] That's it, Judge.

**Complainant's Opinion.** The State further objected to testimony regarding complainant's opinion that someone was breaking out of her house on the basis that it was speculation because complainant was not home when the motion detector was activated and thus could not have observed anything to indicate someone was breaking out. We construe the State's objection at trial as a complaint that complainant lacked personal knowledge and could not offer an opinion as to whether someone was breaking out of her house.[6]

A witness may not testify to a matter about which she lacks personal knowledge. Tex. R. Evid. 602. A lay witness may offer testimony in the form of opinions, but it must be limited to those that are "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Tex. R. Evid. 701; *Williams v. State*, 402 S.W.3d 425, 436 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997)). A witness may testify to her perceptions of events that she personally observed or experienced. *Williams*, 402 S.W.3d at 436. Perceptions include a witness's interpretation of information acquired through her senses or experiences at the time of the event. *Id.* (citing *Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002)). Such testimony can include opinions, beliefs, or inferences as long as they are drawn from the witness's own experiences or observations. *Id.* Accordingly, an opinion that is an interpretation of the witness's objective perception of events (for example, something the witness saw) will satisfy the personal knowledge requirement. *Thuesen v. State*, No. AP-76,375, 2014 WL 792038, at *23 (Tex. Crim. App. Feb. 26, 2014).

---

[6] Testimony not based on personal knowledge "is pure speculation and conjecture." *Fairow v, State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997).

Appellant sought to elicit testimony from complainant that she was afraid her motion detector had been activated because someone was breaking out of her house. Appellant did not proffer any evidence that appellant's opinion was based on her own experiences or observations. Complainant was not in the home when the motion detector was activated, and appellant did not otherwise proffer evidence indicating that complainant observed something upon which to base her opinion. Accordingly, the trial court did not abuse its discretion in excluding complainant's opinion testimony regarding her suspicion that someone was breaking out of her house when she was not at home.[7]

Appellant has not established that the proffered evidence regarding complainant's phone conversation with the alarm company representative and complainant's opinion regarding the activation of the motion detector was "not excluded by an established evidentiary rule" and thus that the trial court deprived him of a meaningful opportunity to present a complete defense. *See Miller*, 36 S.W.3d at 507. We thus overrule appellant's sole issue on appeal.

---

[7] Appellant argues complainant "would be aware of the placement of the motion detectors and their sensitivity" and "would know the circumstances in which the motion detectors would activate without the main alarm being tripped." However, appellant neither cites the record to support these arguments, nor is there any evidence in the record to indicate whether complainant had personal knowledge of this information.

We affirm the judgment of the trial court.



/s/    Martha Hill Jamison
        Justice


Panel consists of Justices Jamison, McCally, and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b).

8

Johnson
B# 196.6996
1. Wynne Unit
1 26 81
ille, Texas
77349

Clerk, Texas Court of Criminal
P.O. Box 12308
Austin, Texas 78711